IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES THOMAS CLARK,                    :
                                       :
      Plaintiff,                       :CIVIL ACTION NO. 06-CV-1067
                                       :
      v.                               :
                                       :
DAVID EDGAR,                           :
                                       :    (JUDGE CONABOY)
      Defendant.                       :

# MEMORANDUM

This case involves the events occurring on or about June 6, 2004.  Defendant, David Edgar, in his position as a sergeant on the Bloomsburg Police Department, responded to a call that an automobile accident had occurred.  Plaintiff, James Clark, was the driver of one of the vehicles involved in the accident.  He later pled guilty to charges of driving under the influence and resisting arrest.

Plaintiff, James Clark, filed this action against Defendant, David Edgar, arguing that he (Plaintiff Clark), was injured by Defendant Edgar and that his injuries were caused when Edgar violated his (Plaintiff's) civil rights and used excessive force during the arrest sequence.  Defendant Edgar denies he violated Plaintiff's civil rights and argues that he used only the force necessary when Plaintiff resisted arrest.

Before the Court is Defendant David Edgar's Motion for Summary Judgment (Doc. 17).  On March 14, 2007, David Edgar ("Defendant") filed this motion with a statement of material facts (Doc. 18) and

a brief in support (Doc. 19).  On June 1, 2007, James Thomas Clark ("Plaintiff") filed Plaintiff James Thomas Clark's Brief in Opposition to Defendant's Motion for Summary Judgment (Doc. 24) with his Affidavit of James Thomas Clark (Doc. 23) and Plaintiff's Counter Statement of Facts in Opposition to the Defendant's Statement of Material Facts (Doc. 25).  On June 11, 2007, Defendant filed a reply brief (Doc. 27).  The motion is fully briefed and ripe for disposition.  For the following reasons, we will grant the motion in part and deny the motion in part.

## I.   BACKGROUND[1]

On June 6, 2004, Plaintiff was in a motor vehicle accident in Bloomsburg, Columbia County, Pennsylvania.  Defendant, an on-duty sergeant with the Bloomsburg Police Department, approached Plaintiff and asked him to produce his driver's information. Plaintiff was requested to perform a field sobriety test but he objected to performing the test at the accident scene because he did not believe the street was level.  (Doc. 23.)  Defendant asked Plaintiff, and Plaintiff agreed to accompany Defendant to the "DUI" processing center to perform the field sobriety test.

At the center, no persons other than Plaintiff and Defendant were present.  After performing the sobriety test, Plaintiff was informed he failed.  Plaintiff questioned his failure of the test

---

[1] The factual background is primarily derived from Plaintiff James Thomas Clark's Brief in Opposition to Defendant's Motion for Summary Judgment (Doc. 24) unless otherwise cited.

and alleges Defendant then became aggressive and placed him under arrest for Driving Under the Influence ("DUI"). Defendant instructed Plaintiff to turn around so he could be handcuffed. While Defendant attempted to apply the handcuffs, Plaintiff asserts Defendant grabbed and bent back Plaintiff's right thumb causing pain to his thumb and right shoulder. According to Plaintiff, he turned and placed his left hand on his right shoulder. Defendant ordered Plaintiff to stop resisting and eventually released Plaintiff's thumb. Plaintiff remembers being struck and then waking up on a stretcher. (Doc. 23 at 4.) He has no knowledge of how or with what he was struck. (*Id.*)

Defendant asserts, at some point during or after the attempt to handcuff Plaintiff, he accessed his radio and requested additional officers for help who later arrived. (Doc. 18 at 5.) Plaintiff was transported to the hospital. (*Id.*) From tests performed while at the hospital, Plaintiff's blood alcohol content was determined to be 0.19. (*Id.*)

According to his affidavit, Plaintiff summarized his injuries as eye problems, double vision, oral problems, and bruised ribs. (Doc. 23 at 4.) He also asserts some of his injuries required multiple surgeries. (*Id.*)

Criminal charges filed against Plaintiff for the incident included: aggravated assault; terroristic threats; simple assault; resisting arrest; driving under the influence; and careless

3

driving.  (Docs. 1 at 5, 18 at 5.)  Pursuant to a plea agreement,
Plaintiff pled guilty and allocuted to the offenses of driving
under the influence and resisting arrest in the Columbia County
Court of Common Pleas.  (*Id.*)

On May 24, 2006, Plaintiff filed his Complaint containing
three (3) counts alleging: Count One - Pursuant to 42 U.S.C. §
1983, Defendant's conduct included the use of unreasonable force,
constituted an unreasonable seizure under the Fourth Amendment to
the United States Constitution, was retaliation in response to
Plaintiff exercising his First Amendment rights, and constituted a
deprivation of Plaintiff's Due Process rights under the Fourteenth
Amendment; Count Two - Battery in that Defendant did with intent
cause a harmful or offensive touching with Plaintiff's body and/or
put Plaintiff in reasonable apprehension of a harmful or offensive
contact with his body; and Count Three - Intentional Infliction of
Emotional Distress where Defendant's extreme and outrageous
conduct, intentionally or recklessly caused Plaintiff to suffer
severe emotional distress and bodily harm.  (Doc. 1.)  In his
Complaint, Plaintiff demands judgment for an amount to be
determined at trial for the injuries asserted in his three counts,
punitive damages, interest, attorney's fees pursuant to 42 U.S.C. §
1988, costs and disbursements incurred in the action, and any other
relief as the Court deems just and proper.  (*Id.* at 7.)

## II.  DISCUSSION

### A.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Knabe v. Boury*, 114 F.3d 407, 410 n.4 (3d Cir. 1997)(*citing* Fed. R. Civ. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under the law applicable to the case. *Anderson*, 477 U.S. at 248; *Levendos v. Stern Entertainment Inc.*, 860 F.2d 1227, 1233 (3d Cir. 1988). An issue of material fact is "genuine" if the evidence is such that a reasonable jury might return a verdict for the non-moving party. *Anderson*, 477 U.S. at 257. In determining whether a genuine issue of fact exists, a court must resolve all factual doubts and draw all reasonable inferences in favor of the nonmoving party. *Conoshenti v. Public Serv. Elec. & Gas Co.*, 364 F.3d 135, 140 (3d Cir. 2004) (citation omitted).

5

The initial burden is on the moving party to show an absence of a genuine issue of material fact.  The moving party may meet this burden by "pointing out to the district court [] that there is an absence of evidence to support the nonmoving party's case when the nonmoving party bears the ultimate burden of proof." *Celotex*, 477 U.S. at 325.  The non-moving party may not rest on the bare allegations contained in his or her pleadings, but is required by Federal Rule of Civil Procedure 56(e) to go beyond the pleadings by way of affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  When Rule 56(e) shifts the burden of proof to the non-moving party, that party must produce evidence to show the existence of every element essential to its case which it bears the burden of proving at trial.  *Equimark Commercial Finance Co. v. C.I.T. Financial Services Corp.*, 812 F.2d 141, 144 (3d Cir. 1987).

"In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of evidence." *Anderson*, 477 U.S. at 255.  Therefore, when evidentiary facts are in dispute, when the credibility of witnesses may be in issue, or when conflicting evidence must be weighed, a full trial is usually necessary.

**B.    THE MERITS OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant asserts he is entitled to summary judgment on

Plaintiff's federal law claims as a matter of law and, additionally, because qualified immunity precludes suit against him for his alleged conduct.  (Doc. 19.)  Also, Defendant contends Plaintiff's state law claims fail as a matter of law.  (*Id.*)  For the following reasons, we will deny Defendant's motion (Doc. 17) for summary judgment on Plaintiff's excessive force claim, retaliation claim, and battery claim and grant Defendant's motion for summary judgment on Plaintiff's intentional infliction of emotion distress claim.

## 1.    FEDERAL LAW CLAIMS

In his filings, Defendant identifies four federal law claims for which he contends summary judgment is warranted: false arrest, excessive force, retaliation in violation of the First Amendment, and a violation of Due Process under the Fourteenth Amendment. (Doc. 19.)  We will discuss each argument in turn.

## a.    FALSE ARREST

Defendant interprets the Complaint to state a false arrest claim and argues summary judgment should be granted as a matter of law.  (Doc. 19 at 7-9.)  However, Plaintiff contends he does not assert a false arrest claim in his Complaint.  (Doc. 24 at 5.)  As master of his Complaint, Plaintiff may pursue or omit any available cause of action he chooses.  *Webster v. Reproductive Health Services*, 492 U.S. 490, 492 (1989).  Thus, Plaintiff's contention that he is not pursuing a false arrest claim is determinative of

7

the issue (Doc. 24 at 5), and no further discussion of this
argument is needed.

**b.    EXCESSIVE FORCE**

Defendant asserts summary judgment should be granted as to
Plaintiff's excessive force claim brought under 42 U.S.C. § 1983
based on three (3) arguments: 1) Plaintiff's guilty plea and
allocution preclude the excessive force claim; 2) Defendant is
entitled to qualified immunity; and 3) Plaintiff cannot establish a
substantive excessive force claim.  (Doc. 19 at 9-16, 22-24.)  For
the following reasons, Defendant's motion for summary judgment on
Plaintiff's excessive force claim is denied.

Pursuant to 42 U.S.C. § 1983, an individual may bring suit for
damages against any person acting under color of law alleged to
have committed a deprivation of any right, privilege, or immunity
secured by the United States Constitution or federal law.  *Couden
v. Duffy*, 446 F.3d 483, 491 (3d Cir. 2006).

**i.    PRECLUSIVE EFFECT OF PLAINTIFF'S GUILTY PLEA AND ALLOCUTION**

Preliminarily, we recognize the essential facts of the evening
of June 6, 2004, are disputed by the parties.  (Docs. 19 and 24.)
However, Defendant asserts Plaintiff's guilty plea and allocution
under oath in the Pennsylvania Court of Common Pleas for the
offenses of driving under the influence and resisting arrest
preclusively establish the facts necessary for a determination of
summary judgment in their favor on this issue.  (Doc. 19 at 14

8

n.3.)

   While it is true that Plaintiff's guilty plea and allocution preclude him from asserting a contrary position in this § 1983 action, we do not find his state conviction conclusive of the factual dispute as to whether the force Defendant employed in effecting the arrest was excessive.

   The Third Circuit Court of Appeals determined a plaintiff's state court conviction by a jury of resisting arrest did not preclude a subsequent civil rights action based on the arresting officer's alleged use of excessive force. *Nelson v. Jashurek*, 109 F.3d 142 (3d Cir. 1997). Although, the court in *Nelson* was not confronted with the precise issue which we are in this case, *i.e.* whether a guilty plea and subsequent allocution under oath preclusively establishes the facts of the case to warrant summary judgment, the court's reasoning as to the preclusive effect of a determination of guilt by a jury is persuasive in determining the proper resolution of this issue.

   The court in *Nelson* held the United States Supreme Court decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), did not bar an excessive force claim where the plaintiff's success on the merits would not invalidate the state conviction for resisting arrest. *Nelson*, 109 F.3d at 145-46. According to the court, the plaintiff's conviction for resisting arrest in *Nelson* was conclusive that the police officer was justified in using

"substantial force" to make the arrest.  *Nelson*, 109 F.3d at 145.
The court explained that, although the officer was justified in
using "substantial force," whether the force used was excessive had
not been foreclosed by the state conviction.  *Id.*  As observed by
the court, "there undoubtedly could be 'substantial force' which is
objectionably reasonable and 'substantial force' which is excessive
and unreasonable."  *Id.*

We find the court's analysis in *Nelson* applicable to this
case.  Like the Court in *Nelson*, we find Plaintiff's conviction of
resisting arrest is determinative of Defendant's privilege to use
"substantial force" in effecting the arrest of Plaintiff and not
conclusive of whether such force was excessive.  *See id.* at 146.
Defendant identifies Plaintiff's admission included that Plaintiff
"following his initial arrest or apprehension by the police officer
the [Plaintiff] offered physical resistence of the police officer
by repeatedly attempting to strike him by requiring physical force
by the police officer to restrain [him] and complete the processing
of his arrest."  (Doc. 18 at 6.)  Plaintiff's allocution describes
his admission of having resisted arrest but does not address the
objective reasonableness of the force employed in subduing him.
Therefore, Plaintiff's guilty plea and allocution to resisting
arrest in state court does not bar Plaintiff's excessive force
claim in this action.

10

ii.   **QUALIFIED IMMUNITY**

Defendant asserts he is entitled to qualified immunity on Plaintiff's claim of excessive force because the facts alleged do not rise to a constitutional violation which a reasonable officer would recognize in Defendant's circumstances under clearly established standards of law at the time of the incident.  (Doc. 19 at 22-24.)  For the following reasons, we find Defendant is not entitled to qualified immunity on Plaintiff's excessive force claim.

In analyzing qualified immunity claims for a police officer's violation of a constitutional right, the Court has applied a two-step sequential inquiry.  *Scott v. Harris*, --- U.S. ---, 127 S.Ct. 1769, 1774 (2007); *see also Saucier v. Katz*, 533 U.S. 194, 200-01 (2001).  The Supreme Court established a threshold question: "[']Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?  This must be the initial inquiry.[']" *Scott*, 127 S.Ct. at 1774 (*quoting Saucier*, 533 U.S. at 201).  "If, and only if, the court finds a violation of a constitutional right,[']the next, sequential step is to ask whether the right was clearly established . . . in light of the specific context of the case.[']"  *Id.*  Therefore, we first must determine if the facts alleged taken in a light most favorable to Plaintiff could constitute a constitutional violation and, second, whether the law

11

was clearly established at the time of the incident.  *Scott*, 127
S.Ct. at 1774.

Under the first prong of the qualified immunity analysis, we
will view the facts in a light most favorable to Plaintiff to
determine whether a reasonable jury could find the facts establish
a violation of a constitutional right.  *See id.*  We believe the
facts when viewed pursuant to the appropriate standard for summary
judgment could be believed by a reasonable jury as establishing a
violation of the Fourth Amendment prohibition against unreasonable
seizures.

The United States Supreme Court explained excessive force
claims arising in the context of an arrest invoke the protections
of the Fourth Amendment to the United States Constitution for
citizens "to be secure in their persons . . . against unreasonable
. . . seizures[.]"  *Graham v. Connor*, 490 U.S. 386, 394 (1989).
The Court has instructed the determination of the reasonableness of
the force used to effect a particular seizure requires a balancing
of "['] the nature and quality of the intrusion on the individual's
Fourth Amendment interests['] against the countervailing
governmental interests at stake."  *Id.* at 396 (*quoting Tennessee v.
Garner*, 471 U.S. 1, 8 (1985)).

The Court's Fourth Amendment jurisprudence has recognized that
incumbent to the right to arrest is the right to use some degree of
force, or threat thereof, to effect the arrest.  *Graham*, 490 U.S.

12

396.  The Court established a non-exhaustive list of factors which should be considered when determining the reasonableness of a particular use of force by an officer under the facts and circumstances in a specific case.  *Graham*, 490 U.S. 396.  These factors include: the severity of the crime at issue; any immediate threat the suspect poses to the safety of the officers or others; and whether the suspect is actively resisting arrest or attempting to evade arrest by flight.  *Id.*  The Third Circuit Court of Appeals has identified additional factors to consider, which include: "the duration of the officer's action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officer[] must contend at one time."  *Couden*, 446 F.3d at 497 (*quoting Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997)).

In *Graham*, the Supreme Court cautioned that the determination of whether an officer's use of force in a particular case "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."  *Graham*, 490 U.S. at 396.  According to the Court, "the question is whether the [officer's] actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying motivation."  *Id.*

In accordance with the standard for summary judgment, we are unable to determine the force used by Defendant was objectively

reasonable as a matter of law.  The Court recognizes Plaintiff's conviction for resisting arrest conclusively establishes as a matter of law that Defendant was justified in using substantial force.  However, the record does not provide this Court an indication of the actual force employed by Defendant for the purposes of summary judgment.  Plaintiff has no recollection of how, with what, or how many times he was struck before or after he was rendered unconscious.  (Doc. 23 at 4.)  Defendant's version of the incident is that he employed a single, open-handed strike. (Doc. 19 at 2.)  We find Defendant has not carried his burden for summary judgment establishing the force used was objectively reasonable as a matter of law.

Pursuant to the second prong of the qualified immunity analysis, Defendant may still be entitled to qualified immunity if the constitutional right at issue was not clearly established in the context of this particular case.  *Scott*, 127 S.Ct. at 1774.

The United States Supreme Court decided *Graham* in 1989.  490 U.S. 386.  The Third Circuit issued its opinion in *Sharrar* in 1997. 128 F.3d 819.  Therefore, we find the law prohibiting excessive force by police officers making an arrest was clearly-established at the time of this incident on June 6, 2004.

Because a reasonable jury could find a constitutional violation of excessive force under the clearly established law prohibiting the use of excessive force by a police officer making

14

an arrest, we find Defendant is not entitled to qualified immunity on Plaintiff's excessive force claim.

### iii. SUBSTANTIVE EXCESSIVE FORCE CLAIM

As discussed above under the first prong of our qualified immunity analysis, we find Defendant has not carried his burden for summary judgment as to Plaintiff's substantive excessive force claim. This case presents genuine issues of material facts as to the nature of the force employed and the alleged conduct justifying such use of force. Thus, Defendant's motion (Doc. 17) for summary judgement on Plaintiff's substantive excessive force claim is denied.

### c.    FIRST AMENDMENT RETALIATION

Defendant asserts summary judgment should be granted on Plaintiff's First Amendment retaliation claim arguing: 1) he is entitled to qualified immunity; and 2) Plaintiff cannot establish a substantive retaliation claim. (Doc. 19 at 16-19, 24-26.) For the following reasons, Defendant's motion for summary judgment on Plaintiff's First Amendment retaliation claim is denied.

### i.    QUALIFIED IMMUNITY

Defendant argues summary judgment should be granted on Plaintiff's retaliation claim because the facts alleged do not rise to a constitutional violation which a reasonable officer would recognize in Defendant's circumstances under clearly established standards of law at the time of the incident. (Doc. 19 at 24-26.)

For the following reasons, we find Defendant is not entitled to qualified immunity on Plaintiff's retaliation claim.

As discussed above, the defense of qualified immunity requires this Court to conduct a two two-step sequential analysis. *Scott*, 127 S.Ct. at 1774 (*quoting Saucier*, 533 U.S. at 201).

Under the first prong of the qualified immunity analysis, we must determine whether the facts could establish a violation of a constitutional right when viewed in a light most favorable to Plaintiff. *See id.* Plaintiff asserts Defendant used excessive force to arrest him in retaliation for disagreeing with Defendant's conclusion that Plaintiff failed a field sobriety test on June 6, 2004. (Doc. 24 at 18.) Viewing the facts in a light most favorable to Plaintiff, we believe the allegations could be believed by a reasonable jury as establishing a violation of the First Amendment prohibition against government retaliation against a person engaging in protected speech.

The Third Circuit has applied a three-part test to claims of governmental retaliation for engaging in protected speech in violation of the First Amendment. *Eichenlaub v. Township of Indiana*, 385 F. 3d 274, 282 (3d Cir. 2004). A plaintiff must prove: 1) he engaged in a protected activity; 2) the government responded with retaliation; and 3) the protected activity caused the retaliation. *Id.* Once a *prima facie* case has been established in a retaliation case, the defendant has the opportunity to

16

demonstrate he would have taken the same action independent of the retaliatory animus. *Hartman v. Moore*, 547 U.S. 250, 260 (2006).

The Third Circuit has observed that all speech is protected by the First Amendment except for a few narrow categories such as obscenity, "fighting words," and libel. *Eichenlaub*, 385 F. 3d at 282-83. The Supreme Court has recognized the First Amendment protects citizens from punishment for a wide range of speech criticizing and challenging police officers unless such speech presents a "clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest." *City of Houston v. Hill*, 482 U.S. 451, 461 (1987).

Here, Plaintiff alleges the underlying disagreement between himself and Defendant occurred as follows:

> Upon arrival at a place I later learned to be the DUI Center, [Defendant] demonstrated a balance test.
>
> I performed the balance test and was told by [Defendant] that I failed.
>
> [Defendant] then told me to walk a line that was on the floor. He did not demonstrate the test for me and gave me no details of what I was supposed to do, other than telling me to walk the line on the floor.
>
> I was compliant and I attempted to perform the test. After completing the test, I told [Defendant] that I thought I passed the test.
>
> [Defendant] said[,] "No, you didn't." I disagreed, stating: "I thought I did." [Defendant] then said to me in an aggressive

17

> tone[,] "Well, you didn't."
>
> I asked [Defendant] if he was angry with
> me, and he did not respond.

(Doc. 23 at 2 ¶¶ 10-13.)

Viewing the facts of this case in a light most favorable to Plaintiff, we find a reasonable jury could conclude that Plaintiff's protected speech was the but-for cause of Defendant's alleged use of excessive force.  We cannot say as a matter of law that a reasonable jury could not find Plaintiff's asserted disagreement with Defendant regarding the results of the field sobriety test was not a substantial or motivating factor in Defendant's alleged use of excessive force.  Having determined that a reasonable jury could find a violation of a constitutional right, we proceed to the second step in the qualified immunity analysis. *Scott*, 127 S.Ct. at 1774.

Pursuant to the second prong of the qualified immunity analysis, Defendant may still be entitled to qualified immunity if the constitutional right at issue was not clearly established in the context of this particular case.  *Id.*

In 1987, the United States Supreme Court decided *Hill*, recognizing police officers must tolerate a certain amount of verbal criticism and challenge from citizens as a characteristic of a free nation as opposed to a police state.  *Hill*, 482 U.S. at 462-63.  The Court recognized the First Amendment protects citizens from punishment for a wide range of speech criticizing and

18

challenging police officers unless such speech presents a "clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest." *Hill*, 482 U.S. at 461.

Viewing the facts in a light most favorable to Plaintiff, we find the status of the constitutionally protected speech in which Plaintiff engaged was clearly established at the time of the underlying incident on June 6, 2004.  Therefore, Defendant is not entitled to qualified immunity on Plaintiff's retaliation claim.

**ii.   SUBSTANTIVE RETALIATION CLAIM**

As discussed above under the first prong of our qualified immunity analysis, we find Defendant has not carried his burden for summary judgment as to Plaintiff's substantive retaliation claim. This case presents genuine issues of material facts as to the motivating or substantial factor for Defendant's use of force in arresting Plaintiff.  Thus, Defendant's motion (Doc. 17) for summary judgement on Plaintiff's substantive retaliation claim is denied.

**d.   FOURTEENTH AMENDMENT DUE PROCESS**

Defendant interprets Plaintiff's Complaint to assert a separate theory of recovery for Defendant's alleged use of excessive force based on the Fourteenth Amendment and argues that the proper analysis for an excessive force claim is pursuant to the Fourth Amendment. (Doc. 19 at 19-20.)  Plaintiff counters that his

reliance on the Fourteenth Amendment is not to state a theory of recovery but in accord with the constitutional principle of the Fourth Amendment's applicability to state officials through the Fourteenth Amendment.  (Doc. 24 at 14-16.)  Additionally, Plaintiff agrees with Defendant that the proper analysis for an excessive force claim is pursuant to the Fourth Amendment.  (*Id.*)  As previously discussed above regarding Plaintiff's lack of an asserted false arrest claim, Plaintiff is master of his Complaint. *See Webster*, 492 U.S. at 492.  Because Plaintiff does not assert an independent claim based on the Fourteenth Amendment no further discussion of this argument is necessary.

**2.    STATE LAW CLAIMS**

Defendant argues he is entitled to summary judgment on Plaintiff's two (2) asserted state law claims in Count Two - Battery and Count Three - Intentional Infliction of Emotional Distress.  (Doc. 19 at 26-29.)  We will discuss each argument in turn.

**a.   BATTERY**

For the following reasons, we will deny Defendant's motion (Doc. 17) for summary judgment on Plaintiff's battery claim.

The Pennsylvania Supreme Court has recognized:

> A police officer may use reasonable force to
> prevent interference with the exercise of his
> authority or the performance of his duty.  In
> making a lawful arrest, a police officer may
> use such force as necessary under the

> circumstances to effectuate the arrest.  The
> reasonableness of the force used in making
> the arrest determines whether the police
> officer's conduct constitutes an assault and
> battery.

*Renk v. City of Pittsburgh*, 641 A.2d 289, 293 (1994).

Defendant argues he was privileged in using reasonable force that would otherwise be considered a battery because he was justified in arresting Plaintiff.  (Doc. 19 at 26-27.)

In accord with our discussion of Plaintiff's excessive force claim above, we find the circumstances of this case present genuine issues of material fact as to the reasonableness and nature of force Defendant used.  To summarize, Plaintiff asserts he is unaware of the precise means of force applied by Defendant as he was rendered unconscious by at least one strike while facing away from Defendant.  (Doc. 25 at 9.)  Defendant counters that he only struck Plaintiff once with an open hand to the side of his face. (Doc. 18 at 4.)  We find summary judgment is inappropriate at this stage of the proceedings.  Thus, Defendant's motion (Doc. 17) for summary judgment on Plaintiff's battery claim is denied.

**b.   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

As discussed below, Defendant's motion for summary judgment on Plaintiff's intentional infliction of emotional distress claim will be granted.

The Pennsylvania Supreme Court has not decided the tort of intentional infliction of emotional distress is available under

Pennsylvania law.  *Hoy v. Angelone*, 720 A.2d 745, 753-54, n.10 (Pa. 1998).  However, the Third Circuit Court of Appeals predicted the Pennsylvania Supreme Court will recognize the tort and has found it an available cause of action in Pennsylvania.  *Clark v. Township of Falls*, 890 F.2d 611, 623 (3d Cir. 1989); *Williams v. Guzzardi*, 875 F.2d 46, 51 (3d Cir. 1989).

The Pennsylvania Supreme Court has explained the tort of intentional infliction of emotional distress requires, in part:

> "The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Buczek v. First National Bank of Mifflintown*, 366 Pa. Super. 551, 558, 531 A.2d 1122,1125 (1987).  Described another way, "[i]t has not been enough that the defendant has acted with intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort." Restatement (Second) of Torts § 46, comment d; *Daughen v. Fox*, 372 Ps. Super. 405, 412, 539 A.2d 858, 861 (1988).

*Hoy*, 720 A.2d at 754.

We find the facts of this case viewed in a light most favorable to Plaintiff do not establish the type of outrageous conduct a civilized society cannot tolerate.  Plaintiff alleges he was struck, rendered unconscious, and injured while Defendant was arresting and handcuffing him.  (Doc. 25 at 9.)  Recognizing Plaintiff pled guilty and allocuted to the criminal offense of

22

resisting arrest, we will assume for summary judgment purposes Defendant's use of force was excessive.  Given the above, the conduct alleged does not rise to the level of outrageous behavior which would form the basis for an intentional infliction of emotional distress action.  Thus, Defendant's motion (Doc. 17) for summary judgment on Plaintiff's intentional infliction of emotional distress claim is granted.

## III. CONCLUSION

Defendant has moved for summary judgment seeking to have this Court declare Plaintiff is not entitled to recover any damages under the circumstances that existed and came into existence on June 6, 2004.  We discuss, at length, the rights of the parties and the law that governs and guides the Court in arriving at a decision in this case.  The overriding reality is that the litigants here, Plaintiff Clark and Defendant Edgar, do not agree on the operative facts that occurred on June 6, 2004, and, thus, we concluded there is a fact dispute that can only and properly be resolved by a jury. Therefore, we cannot grant summary judgment as requested on Plaintiff's Fourth Amendment excessive force claim, First Amendment retaliation claim, and state law battery claim.  Defendant's motion (Doc. 17) is denied as to these claims and they will proceed to trial.

Defendant's motion (Doc. 17) for summary judgment on Plaintiff's intentional infliction of emotional distress claim is granted.  An appropriate Order follows.


S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

Dated: August 31, 2007

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES THOMAS CLARK,                    :
                                       :
     Plaintiff,                        :CIVIL ACTION NO. 06-CV-1067
                                       :
     v.                                :
                                       :
DAVID EDGAR,                           :
                                       :(JUDGE CONABOY)
     Defendant.                        :

## ORDER

AND NOW, this 31st day of August, 2007, for the reasons discussed in the accompanying Memorandum, the following is entered:

1.    Defendant's motion (Doc. 17) is granted in part and denied in part;

2.    Defendant's motion (Doc. 17) is GRANTED as to Plaintiff's intentional infliction of emotional distress claim;

3.    Defendant's motion is DENIED as to Plaintiff's Fourth Amendment excessive force claim, First Amendment retaliation claim, and state law battery claim; and

4.    Plaintiff's Fourth Amendment excessive force claim, First Amendment retaliation claim, and state law battery claim will proceed to trial.

                              S/Richard P. Conaboy
                              RICHARD P. CONABOY
                              United States District Judge

25